United States District Court
Southern District of Texas
**ENTERED**
June 17, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| WESTLAKE CORPORATION; and WESTLAKE CHEMICALS & VINYLS LLC, § § § § § Plaintiffs, § v. § § CHEMCORP 1 LLC, et al., § § Defendants. § § § | CIVIL ACTION NO. H-24-99 |

## MEMORANDUM AND OPINION

The parties to this trademark dispute sell pool treatment products using the trademark "ZAPPIT." The plaintiffs, Westlake Corporation and Westlake Chemicals & Vinyls LLC (together, "Westlake"), allege that the defendants, Chemcorp 1LLC, Oh Yes Plastics LLC, Assim Alabed, Lamis Alabed, and Noor Alabed, sell an inferior pool chlorinator product on Amazon.com bearing exact replicas of Westlake's ZAPPIT marks. The defendants move to dismiss under Rule 12(b)(3) and (6), or alternatively, to transfer venue to the Southern District of Florida under 28 U.S.C. § 1404(a). (Docket Entry No. 13).

Based on the briefs, the record, and the applicable law, the defendants' motion to dismiss or transfer venue is denied. The reasons are set out below.

**I.      Background**

Westlake alleges that it holds the rights to the "ZAPPIT" and "ZAPPIT 73" trademarks and logo. (Docket Entry No. 1 at ¶ 1). Westlake alleges that the defendants have offered for sale, sold, and shipped products featuring the "ZAPPIT" and "ZAPPIT 73" marks. (*Id.* at ¶ 9). Westlake alleges that the defendants target Texas consumers by using the subject marks in soliciting and

advertising on online retailing platforms, such as Amazon.com. (*Id.* at ¶ 10). The defendants and their employees are all residents of, and domiciled in, the State of Florida. (Docket Entry No. 13 at 7). The Westlake entities are Delaware corporations with their principal place of business in Houston, Texas. (Docket Entry No. 1 at ¶¶ 2, 3).

Westlake sues the defendants under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and Texas common law for trademark infringement and unfair competition. The defendants have moved to dismiss under Rule 12(b)(3) and (6), or alternatively to transfer venue under 28 U.S.C. § 1404(a). (Docket Entry No. 13).

## II.     The Legal Standards

### A.     Rule 12(b)(3)

When a defendant moves to dismiss on the basis of improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. App'x. 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)). To prevail on its motion, a defendant must present facts that defeat the plaintiff's assertion of venue, showing that venue is not proper. *Id*. Venue is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

### B. 28 U.S.C. § 1404

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer under § 1404(a) "is properly granted only if the moving party clearly establishes good cause by clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (quotation marks and quoting reference omitted). The movant's burden is not satisfied by a showing that the transferee venue "is more likely than not to be more convenient." *Id.* "[T]he fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer." *Id.* Rather, the movant must "clearly [] demonstrate that its chosen venue is clearly more convenient." *Id.* (quotation marks and quoting reference omitted). This requires showing "(1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *Id.*

A district court assessing whether the movant has clearly carried its burden must consider eight public and private interest factors. *Id.* at 509. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quotation marks and quoting reference omitted). The public interest factors are: "(5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of

unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (quotation marks and quoting reference omitted) (alteration adopted).

No one factor is dispositive, and the Fifth Circuit has "cautioned against a raw counting of the factors that weighs each the same." *Id.* (quotation marks and quoting reference omitted) (alteration adopted). "Where there is no demonstration by the movant, let alone a clear one, the district court cannot weigh a factor against the non-movant and in favor of transfer." *Id.* (quotation marks and quoting reference omitted) (alteration adopted). "Section 1404(a)'s good-cause requirement prohibits a district court from relying on conclusory assertions in considering the transfer factors." *Id.* at 513 (quotation marks and quoting reference omitted).

### C. Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III.  Analysis

#### A.  The Rule 12(b)(3) Motion to Dismiss

Westlake asserts that venue is proper in the Southern District of Texas because a substantial part of the events or omissions giving rise to its claims occurred in that district. (Docket Entry No. 16 at 18). Specifically, Westlake alleges that the defendants sold their infringing products through Amazon.com, that consumers in the Southern District purchased them, and that the defendants shipped the products to consumers in the Southern District. (*Id.* at 19). These allegations are sufficient to make venue proper in the Southern District. *See Bacchanal Hospitality, LLC v. Cured, LLC*, 2017 WL 1314194, at *3 (W.D. Tex. Feb. 24, 2017). The defendants' assertions that "[n]one of the corporate defendants reside in Texas and all individual Defendants reside in the Southern District of Florida," fail to make Westlake's venue allegations an insufficient basis for venue in Texas. (Docket Entry No. 13 at 7–8).

The motion to dismiss for improper venue is denied.

### B. The Motion to Transfer Venue

The defendants argue that "the cost of attendance of willing witnesses favors transfer" to the Southern District of Florida because "all Defendants … reside in South Florida," "the accused products were conceived and designed in the Southern District of Florida," and "[t]he individuals who would have knowledge related to the design, development and operation of the accused products all reside in South Florida." (Docket Entry No. 13 at 9–10).

These arguments are unpersuasive. The defendants do not identify a single witness who resides in Florida. Nor do the defendants explain why "the design, development and operation" of their products will be central to Westlake's claims or their defense. By contrast, Westlake persuasively argues that several of its own employees, who reside in this District, will testify as to "Westlake's ownership of and rights in the ZAPPIT® Marks; the history, nature and extent of Westlake's use of the marks; Westlake's pending federal trademark application to register the marks; and Westlake's discovery of Defendants' infringement." (Docket Entry No. 16 at 23–24). When transfer would merely shift the inconvenience of litigating in a distant forum from one party to another, as here, this factor is neutral. *See, Gorgeous Gals, LLC v. Hey Gorgeous! Spray & Wellness LLC*, 2016 WL 6775445, at *3 (W.D. Tex. Nov. 15, 2016).

The defendants argue that "the availability of compulsory process factor is neutral" because "[t]he location of third-party witnesses at this stage is unknown." (Docket Entry No. 13 at 10). Westlake agrees that this factor is neutral. (Docket Entry No. 16 at 23).

The defendants argue that "[t]he ease of access to sources of proof favors transfer to Florida" because "[n]o documents regarding the accused products are located in Houston or the Southern District of Texas." (Docket Entry No. 13 at 11). The defendants cite *DataQuill, Ltd. v.*

*Apple Inc.*, for the proposition that "the bulk of the relevant evidence usually comes from the accused infringer, and therefore the location of the defendant's documents tends to be the more convenient venue." 2014 WL 2722201, at *3 (W.D. Tex. June 13, 2014).

Westlake counters that *DataQuill* was a patent case, not a trademark case. (Docket Entry No. 16 at 22). According to Westlake, the evidence in this case will focus on "the defendant's marketing and advertising using the infringing mark and whether such use caused, or is likely to case [*sic*], consumer confusion." (*Id.*). Westlake also asserts that "[b]ecause Defendants' infringement occurred online, many of Defendants' responsive documents in this case are likely to be electronic, and therefore as easily available in the Southern District of Texas as in the Southern District of Florida." (*Id.*). Westlake provides specific examples of the type of evidence that is likely to be online:

> Westlake plans to seek discovery of correspondence between Defendants and consumers who purchased Defendants' counterfeit products. Such correspondence is potentially relevant to the existence of actual consumer confusion, among other things, and is likely to have taken place over email or via the Amazon.com website. Evidence of Defendants' sales and marketing through online channels of trade, including Defendants' revenues from the sale of counterfeit products on Amazon.com, is also likely to take the form of electronic documents and is directly relevant to Defendants' unauthorized use of the ZAPPIT® Marks and Westlake's damages.

(*Id.*).

Westlake also identifies categories of documents in its possession "stored either in physical paper files or on computer servers located in the Southern District of Texas or in the company cloud": "including documents related to Westlake's marketing of the ZAPPIT® 73 product using the ZAPPIT® 73 Marks, Westlake's ownership, prosecution, and enforcement of the ZAPPIT® Marks, and any customer emails expressing confusion caused by Defendants' activities[.]" (*Id.* at 23).

Westlake has identified far more categories of evidence that are either online or in this District than the defendants have identified in the Southern District of Florida. This factor is either neutral or weighs against transfer.

The defendants argue that the "all-other practical problems factor is neutral" because "[t]his case is in its early stages and no substantive action has taken place." (Docket Entry No. 13 at 11). Westlake agrees that, because the case is in "infancy," transferring venue would not be more efficient. (Docket Entry No. 16 at 24). However, Westlake argues that, "to the extent Westlake's choice of forum is properly considered in weighing this factor, it favors retention of this case in the Southern District of Texas." (*Id.*) (citing *Monster Cable Prods., Inc. v. Trippe Mfg. Co.*, 2008 WL 2492060, at *4 (E.D. Tex. 2008)). The court concludes that this factor is either neutral or weighs against transfer.

Finally, the defendants argue that "[t]he public interest factors also favor transferring this action" because "Florida has a strong local interest in this matter. . . . All Defendants reside here and the accused products were conceived, designed, and developed, and where [*sic*] all of its relevant employees are based." (Docket Entry No. 13 at 11).

The court is not persuaded that the public interest factors favor transfer. The Fifth Circuit has recently instructed that the public interest analysis focuses "on the *events*—not the *parties*":

> We do not consider the parties' connections to the venue because the local interest analysis is a public interest factor. Accordingly, the local-interest inquiry is concerned with the interest of non-party citizens in adjudicating the case. Considerations such as the location of the injury, witnesses, and the plaintiff's residence are useful proxies for determining what local interests exist in each venue. But proxies, no matter how useful in certain cases, can never subsume the ultimate inquiry.

*In re Clarke*, 94 F.4th at 511 (cleaned up). Accordingly, the defendants' arguments about their connections to Florida are unavailing. Texas's interest in adjudicating a case of trademark infringement allegedly causing confusion among customers in the Southern District is more

significant than the Florida interest based on the defendants' residences. This factor weighs against transfer.

The court finds that the remaining § 1404(a) factors are neutral. The defendants have failed to "clearly demonstrate" that the Southern District of Florida would be "clearly more convenient." *Id.* at 408.

### C.     The Rule 12(b)(6) Motion to Dismiss

The defendants move to dismiss Westlake's complaint on the ground that it is an impermissible "shotgun pleading." (Docket Entry No. 13 at 3).

The Eleventh Circuit in *Weiland v. Palm Beach County. Sheriff's Office* identified four types of "shotgun pleadings—imprecise complaints that fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." 792 F.3d 1313, 1323 (11th Cir. 2015). The first type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type is a complaint that does not separate "into a different count each cause of action or claim for relief." *Id.* at 1323. The fourth type asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

The defendants argue that Westlake's complaint falls into the first and fourth categories of shotgun pleadings. The defendants are correct that each count of Westlake's complaint "adopts the allegations of all preceding counts." *Id.* at 1321. The defendants are also correct that Westlake asserts claims against ChemCorp 1, Oh Yes Plastics, and the Alabeds without "specifying which of the defendants are responsible for which acts or omissions." *Id.* at 1323. However, the defendants cite no authority in this Circuit holding that these features, in themselves, warrant dismissal. On the contrary, courts in this Circuit have focused on whether alleged "shotgun pleading" defects actually "mudd[y] the[] [c]omplaint with complicated, irrelevant, extraneous, or confusing facts," *Martinez v. Nueces Cnty., Tex.*, No. 2:13-CV-178, 2013 WL 6190519, at *3 (S.D. Tex. Nov. 26, 2013), or "leave[] [the] complaint devoid of essential allegations," *7 Santini Brothers Trucking Inc. v. City Ocean Int'l Inc.*, 2024 WL 2836274, at *2 (S.D. Tex. June 4, 2024).

The alleged shotgun defects of Westlake's complaint do not detract from its clarity or leave it devoid of essential allegations. The factual allegations underlying Westlake's claims are clear: the Alabeds operate ChemCorp 1 and Oh Yes Plastics. (Docket Entry No. 1 at ¶ 23). The defendants sell water-treatment products on Amazon.com that use the "ZAPPIT" mark and a graphic virtually indistinguishable from Westlake's, which Westlake alleges causes customer confusion. (*Id.* at ¶¶ 27, 44–46). The complaint would not be clearer if it did not "repeat and reallege each and every allegation of the foregoing paragraphs" in each count. (*Id.* at ¶ 39). The alternative would cause needless repetition. *See Martinez*, 2013 WL 6190519, at *3 ("To require Plaintiffs to recount the specific facts upon which each claim rests when stating that claim would require Plaintiffs to repeat the two pages of facts with respect to each claim. Such repetition would render the pleading unwieldy and would detract from, rather than add to, its clarity.").

Finally, Westlake need not allege separate wrongdoings for each defendant. *See Gammon v. J.W. Steel and Supply, Inc.*, 2006 WL 2505631, at *1 (S.D. Tex. Aug. 28, 2006) ("There is no prohibition against group pleading."). In this case, the allegations are clear that the Alabeds acted through ChemCorp 1 and Oh Yes Plastics, giving rise to the alleged infringement. *See In re Northstar Offshore Group, LLC*, 616 B.R. 695, 723 (Bankr. S.D. Tex. 2020) ("Where more than one defendant allegedly committed the same act together, a complaint is not defective for the reason that it asserts that all defendants committed the same act, without identifying each individual defendant.").

The defendants' motion to dismiss under Rule 12(b)(6) is denied.

### IV.  Conclusion

The defendants' motion to dismiss, or alternatively to transfer venue, is denied. (Docket Entry No. 13).

SIGNED on June 17, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge